IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-196-BO

| | |
|---|---|
| BEATRICE L. BRIMMER, <br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant. | ) <br> ) <br> ) <br> )    O R D E R <br> ) <br> ) <br> ) |

This cause comes before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and a hearing on the matter was held before the undersigned on February 16, 2021, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is denied.

BACKGROUND

Plaintiff instituted this action by filing a complaint on October 4, 2019, against the defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. [DE 3]. Plaintiff seeks money damages as compensation for personal injuries she alleges were caused by the negligent and wrongful acts and omissions of employees of the United States government while acting within the scope of their offices and employment and under circumstances where the United States, if a private person, would be liable to plaintiff in accordance with applicable state law.

The following factual background is derived primarily from defendant's statement of material facts which plaintiff does not dispute. [DE 25 & 30]. On May 14, 2013, plaintiff, Brimmer, worked on Camp Lejeune as a dental technician in the dental clinic located on the second floor of Building 15. That day, Brimmer entered the first floor lobby of Building 15 at

approximately 6:15 a.m. and walked in front of the opening elevator door. Brimmer then walked a few feet away from the elevator to see whether a co-worker had pulled into the parking lot. After Brimmer confirmed it was her co-worker who had pulled into the lot, she walked back to the elevator to catch the door, intending to hold it open for her co-worker. On her way to the elevator, something caught Brimmer and she fell into the open elevator onto the floor. The parties agree that there was a floor mat in front of the elevator and that a short or approximately one-and-a-half inch long wire was protruding up from the floor mat where there were some tiles missing from the mat. The parties further agree that following Brimmer's fall the wire was cut and tape was place over that area of the floor mat. The floor mat was subsequently replaced.

When Brimmer fell, there was adequate lighting in the area, the floor was not slippery, and there was no debris in the area. No one witnessed Brimmer fall. Brimmer did not know what caused her to fall other than something caught her foot. After she fell, she was assisted by others in the building.

Prior to her fall, Brimmer had both hip and knee replacement surgeries. The area in front of the elevator was subject to steady and sometimes heavy foot traffic each working day. Brimmer had been at work in the days, weeks, and months leading up to her fall, including the workday prior to her fall. Prior to her fall, Brimmer had never heard anyone describe a defect in the floor mat. Brimmer does not know how long any tiles were missing from the floor mat or how long the mat was defective. No defects were noted in the floor mat during an inspection of the area in February 2013, three months prior to Brimmer's fall. The defendant contends that there were no reports of any defects in the floor mat prior to Brimmer's fall.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted).

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the FTCA, the substantive law of the place where the act or omission occurred is the law that must be applied. *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. §

3

1346(b)(1)). Because the acts or omissions in this case took place in North Carolina, the Court applies North Carolina law.

North Carolina law requires a plaintiff in a negligence action to "offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706 (N.C. 1995) (citing *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412 (N.C. 1990)). In order to prove negligence in a premises liability case, a plaintiff must show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64 (1992), *abrogated on other grounds by Nelson v. Freeland*, 349 N.C. 615 (1998); *see also Steelcase, Inc. v. M.B. Haynes Corp.*, No. 1:09CV443, 2010 WL 3120059, at *5 (W.D.N.C. Aug. 9, 2010).

Defendant makes the following arguments in support of its motion for summary judgment: that under North Carolina law, the United States did not breach its duty to Brimmer because the defect in the floor mat in front of the elevator was minor and trivial; Brimmer fails to meet her burden to establish that the United States created the purportedly hazardous condition, had actual knowledge of the condition, or that the alleged defect had existed for sufficient time to give the United States constructive knowledge; and that Brimmer cannot establish that the minor defect in the floor mat was the proximate cause of her trip and fall outside of after-the-fact speculation. The Court determines, however, that genuine issues of material fact preclude entry of summary judgment in this matter.

A.     A minor and trivial defect.

Defendant argues that, like a municipality, it is not liable for minor defects in sidewalks or other walkways. *See Strickland v. City of Raleigh*, 204 N.C. App. 176, 179 (2010). However,

4

the defect at issue in this case was not located on a street, sidewalk, or other public roadway. *See, e.g. McKay v. City of Charlotte*, 35 N.C. App. 562, 564 (1978) (underlying rationale of cases involving defects in sidewalks and roadways is that pedestrians should know to anticipate common and normal obstacles and defects). Rather, the defect was located inside a building and in front of an elevator. The defect is alleged to have come from a defective floor mat, the presence of which certainly suggests that defendant was taking a precaution in that area *against* falls. The cases cited by defendant in support of its argument are inapposite based upon the facts of this case.

B.  Defendant's creation or knowledge of the defect.

Brimmer argues that a genuine issue of material fact exists as to whether defendant had constructive knowledge of the defect prior to Brimmer's fall, and the Court agrees. Brimmer relies on evidence of a maintenance plan which specified that the area was to be cleaned seven days per week and that cleaning would include removal of floor mats so that the floor could be cleaned. Brimmer further relies on evidence that there were several tiles missing from the floor mat, and that these tiles were not found on the day of Brimmer's fall. "Where there exists a reasonable inference that a condition had existed for such a period of time as to impute constructive knowledge to the defendant proprietor of a dangerous or unsafe condition, it is a question for the jury to decide." *Carter v. Food Lion, Inc.*, 127 N.C. App. 271, 275 (1997). Although defendant relies on an inspection conducted three months earlier, the evidence proffered by Brimmer that the floor tiles had been missing prior to the day of Brimmer's fall is sufficient to let a fact-finder determine whether between the February inspection and Brimmer's fall in May defendant would have had constructive knowledge of a defect in the floor mat.

5

C.  The cause of Brimmer's fall.

Defendant argues that Brimmer does not have evidence which would establish that the wire protruding from the mat caused her fall. Defendant contends that Brimmer relies on speculation and conjecture, which is insufficient at this stage to survive defendant's motion. However, Brimmer did not testify that she was in a hurry to reach the elevator, but that she walked toward the elevator. *See* [DE 31-7] Pl's Aff. ¶ 2; [DE 26-1] Pl's Depo. at 16. Brimmer further states that she felt her foot catch on something before she fell into the elevator. *Id*. Other individuals who were at the scene just after Brimmer fell have stated that her shoe was caught on the wire protruding from the floor mat. [DE 31-8] Czarniak Aff. ¶ 3; [DE 31-9] Nelson Aff ¶¶ 4-5. Contrary to defendant's arguments, Brimmer does not rely on mere speculation or upon inferences upon inferences. Rather, her evidence creates a genuine issue of material fact as to the cause of her fall.

Finally, the Court addresses defendant's argument in reply that if the janitorial service, an independent contractor, was responsible for or had knowledge of the floor mat defect then no liability would be imputed to defendant and the Court would be without jurisdiction to consider Brimmer's claim. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Defendant has admitted, however, that it owns and controls the building, that it is responsible for reasonably maintaining the premises and reasonably ensuring that the premises are safe, and that the floor mat in question did not fall under the purview of the maintenance contract. *See* [DE 31-1] Amd. Answer ¶ 3; [DE 35-3] Hartley Decl. Accordingly, the Court will not dismiss Brimmer's complaint on this ground.

In sum, genuine issues of material fact preclude entry of summary judgment in defendant's favor.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 23] is DENIED. The clerk is DIRECTED to refer this matter for pretrial conference with the assigned United States Magistrate Judge.

SO ORDERED, this 5 day of March, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE